**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARBY A. HENRY, ) | NO. CV 05-3179-E |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JO ANNE B. BARNHART, COMMISSIONER ) | |
| OF SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on April 29, 2005, seeking review of the Commissioner's denial of benefits. The parties filed a "Consent to Proceed Before a United States Magistrate Judge" on May 31, 2005.

Plaintiff filed a "Motion for Summary Judgment" on November 3, 2005. Defendant filed a "Cross-Motion for Summary Judgment" on January 17, 2006. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed May 3, 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former bookkeeper and office manager, asserted disability beginning December 30, 1998 (Administrative Record ("A.R.") 42, 74). An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and a vocational expert (A.R. 22-669). In a decision dated July 24, 2003, the ALJ found that Plaintiff retained a residual functional capacity sufficient to perform Plaintiff's past relevant work (A.R. 30). The Appeals Council denied review (A.R. 5-7).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted). However, the Court cannot disturb findings supported by substantial evidence, even though there may

2

exist other evidence supporting Plaintiff's claim.  See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied.  The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

**I.    Substantial Evidence Supports the Conclusion Plaintiff Can Work.**

A social security claimant bears the burden of "showing that a physical or mental impairment prevents [her] from engaging in any of [her] previous occupations." Sanchez v. Secretary, 812 F.2d 509, 511 (9th Cir. 1987); accord Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  Plaintiff must prove her impairments prevented her from working for twelve continuous months.  See Barnhart v. Walton, 535 U.S. 212, 218-25 (2002); Krumpelman v. Heckler, 767 F.2d 586, 589 (9th Cir. 1985), cert. denied, 475 U.S. 1025 (1986).  Substantial evidence supports the conclusion Plaintiff failed to carry her burden in this case.

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability.  See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

3

1           Significantly, no physician opined Plaintiff was totally
2  disabled from all employment for any twelve-month period.  See
3  Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding
4  the Administration's decision, the Court emphasized: "None of the
5  doctors who examined [claimant] expressed the opinion that he was
6  totally disabled"); accord Curry v. Sullivan, 925 F.2d 1127, 1130 n.1
7  (9th Cir. 1990).  To the contrary, Dr. Verin, an examining
8  psychiatrist, stated Plaintiff "seems able to carry out simple and
9  complex instructions independently, relates appropriately and seems
10 able to handle the stresses of a work situation, at least on a part-
11 time basis" (A.R. 596).  Dr. Verin signed a statement indicating
12 essentially no mental restrictions on Plaintiff's ability to do work-
13 related activities (A.R. 597-98).

15           Dr. Dudley, a non-examining physician, opined Plaintiff has
16 only mild to moderate restrictions and can perform simple, repetitive
17 work at a consistent and persistent pace (A.R. 573, 585).  Where, as
18 here, the opinion of a non-examining expert does not contradict "all
19 other evidence in the record," the Administration properly may rely
20 upon such opinion.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th
21 Cir. 1995); Curry v. Sullivan, 925 F.2d at 1130 n.2.  The
22 Administration may not rely solely upon the opinions of non-examining
23 experts.  See, e.g., Lester v. Chater, 81 F.3d 821, 833 (9th Cir.
24 1995); Erickson v. Shalala, 9 F.3d 813, 818 n.7 (9th Cir. 1993).
25 Reliance was not sole in the present case.

27           Plaintiff points to various Global Assessment of Functioning
28 (GAF) scores in arguing for a more than moderate mental impairment.

4

Plaintiff's argument fails to negate the existence of substantial evidence supporting the ALJ's conclusion. Even assuming the GAF scores did not reflect short-term, situational depression resulting from Plaintiff's reported marital difficulties, the scores do not necessarily equate to an inability to work. See e.g., Wilkins v. Barnhart, 2003 WL 21462579 (7th Cir. June 20, 2003) (unpublished decision) ("[T]he GAF scale is intended to be used to make treatment decisions, and nowhere do the Social Security regulations or case law require an ALJ to determine the extent of an individual's disability based entirely on his GAF score.") (internal citations omitted); Lopez v. Barnhart, 2003 WL 22351956 (10th Cir. Oct. 16, 2003) (unpublished decision) ("[Examining physician's] assessment of claimant's GAF score [of 40], standing alone, does not undermine, nor is it 'significantly probative' evidence in opposition to, the ALJ's ultimate conclusions concerning the seriousness of claimant's mental status or ability to work.").

The ALJ properly acted within his discretion to resolve conflicts and ambiguities in the evidence. See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001). Where, as here, the evidence "admits of more than one rational interpretation," the Court must uphold the administrative decision. Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

The vocational expert testified that a person having the limitations the ALJ found to exist could perform Plaintiff's past relevant work (A.R. 57). Such testimony provides substantial

5

evidence supporting a finding of non-disability. See, e.g., Orr v. Sullivan, 796 F. Supp. 1368, 1373 (D. Or. 1992).

**II. Plaintiff's Various Arguments for Reversal or Remand Lack Merit.**[2]

Plaintiff argues the hypothetical questioning of the vocational expert was incomplete because the questioning did not include certain limitations asserted by Plaintiff. This argument must be rejected. Hypothetical questions posed to a vocational expert need not include all conceivable limitations that a favorable interpretation of the record might suggest to exist — only those limitations the ALJ finds to exist. See, e.g., Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986).

Plaintiff correctly points out that the ALJ's opinion inconsistently refers to Plaintiff's residual capacity as both "light" and "medium" (A.R. 26, 30). Plaintiff's past relevant work was sedentary, however, so the cited error is harmless.[3]

///

---

[2] The Court has considered and rejected each of Plaintiff's arguments. The Court discusses Plaintiff's principal arguments herein.

[3] Also harmless is any error in arguably having considered the possible impact of Plaintiff's substance abuse prior to any finding of disability. Cf. Bustamante v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001) ("an ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction").

6

1  Plaintiff argues the ALJ erred in finding not credible
2 Plaintiff's testimony regarding her alleged symptomatology.  An ALJ's
3 assessment of a claimant's credibility is entitled to "great weight."
4 Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v.
5 Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  The discounting of a
6 claimant's testimony regarding subjective symptoms must be supported
7 by specific, cogent findings.  See Lester v. Chater, 81 F.3d 821, 834
8 (9th Cir. 1995); Varney v. Secretary of Health and Human Serv., 846
9 F.2d 581, 584 (9th Cir. 1988); see also Smolen v. Chater, 80 F.3d
10 1273, 1282-84 (9th Cir. 1996).[4]  The ALJ stated sufficient reasons for
11 finding Plaintiff's testimony not credible.

13  The ALJ expressly and correctly noted inconsistencies among
14 Plaintiff's various reports regarding her symptoms, and further
15 inconsistencies between Plaintiff's testimony, which claimed constant
16 severe pain, and her fairly extensive daily activities (A.R. 29, 47,
17 95-96, 177, 243, 390, 595).  Such inconsistencies amply support an
18 adverse credibility finding.  See Thomas v. Barnhart, 278 F.3d 947,
19 958-59 (9th Cir. 2002) (inconsistency between the claimant's
20 testimony and the claimant's conduct supported rejection of the
21 claimant's credibility); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th
22 Cir. 1999) (inconsistencies between claimant's testimony and actions
23 cited as a clear and convincing reason for rejecting the claimant's

---

[4] In the absence of evidence of "malingering," some Ninth Circuit cases have applied the seemingly more rigorous "clear and convincing" standard.  See Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003); Ballard v. Apfel, 2000 WL 1899797 *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases).  In the present case, the ALJ's findings pass muster under either the "specific, cogent" standard or the "clear and convincing" standard, so any distinction between the two standards is academic.

7

testimony); see also Burch v. Barnhart, 400 F.3d 676, 680-812 (9th Cir. 2005) (daily activities including cooking, cleaning and shopping found to constitute "clear and convincing reasons" for discounting the claimant's testimony); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (extensive daily household activities found to constitute "clear and convincing reasons" for discounting the claimant's testimony).

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  January 27, 2006.


              _____/S/_____
                       CHARLES F. EICK
                 UNITED STATES MAGISTRATE JUDGE